IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

DEDRIC LATTIMORE              )
                              )
            Plaintiff,        )
                              )
v.                            )    Civil Action No. 1:21-cv-01165
                              )
OFFICER M. DEAVIES,           )
                              )
            Defendant.        )

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(b).

Plaintiff, Dedric Lattimore, brought this case alleging Defendant, Officer DeAvies, used excessive force against him when he was taken into custody for suspected shoplifting. On May 18, 2020, Officer Manor, Metzger, and DeAvies responded to a report of shoplifting from a Shoppers Food Warehouse security guard. The officers then approached Plaintiff to further investigate. In response to the officers approaching, Plaintiff turned and began walking away. Officer Manor instructed Plaintiff to stop and let them look inside his backpack. Plaintiff was uncooperative and attempted to reach inside his backpack causing Officer Metzger to take control of Plaintiff's right arm to prevent Plaintiff from reaching for any possible

1

weapons. The officers also suspected Plaintiff was intoxicated based on his demeanor and appearance. Plaintiff continued to be uncooperative and attempt to reach into his backpack despite Officer Manor's instructions to stop. This prompted the officers to place Plaintiff in handcuffs to control Plaintiff's movements due to officer safety concerns. In response, Plaintiff immediately resisted, and all three officers were needed to secure him in handcuffs.

Due to his resistant behavior, the officers decided to remove Plaintiff from the store and place him in a police cruiser to avoid any risk of harm to the public. As the officers brought Plaintiff to the front of the store, Plaintiff refused to walk, and pushed back against the officers. The officers instructed Plaintiff to exit the store with them, but Plaintiff refused to do so. Officers Manor and Metzger were physically unable to guide Plaintiff out of the store due to his active resistance, so Officer DeAvies was required to pick up Plaintiff's feet to remove him from the store and take him to the cruiser.

While the officers searched Plaintiff at the cruiser, Plaintiff continued to actively resist their efforts to detain him by tensing his muscles and pushing against the officers. The officers repeatedly told Plaintiff to stop resisting and to cooperate with their commands. All three officers were needed to

2

overcome Plaintiff's active resistance and maintain control of
him. After they searched Plaintiff, Officer Manor informed him
that they were going to place him in the cruiser, so that they
could finish their investigation. As Officers Manor and Metzger
attempted to place Plaintiff in the cruiser, Plaintiff began
pushing backwards against the officers and struggling to avoid
being placed in the cruiser. Plaintiff flailed his feet and
hooked his left foot under the bottom of the open door,
preventing officers from being able to shut the door. Officers
were eventually able to place him in the cruiser only to have
Plaintiff flee the cruiser from the other side. Plaintiff landed
partially on Officer DeAvies and knocked him off balance.
Officers tried again to place him in the cruiser, but Plaintiff
still refused to put his feet inside the cruiser and attempted
to exit the vehicle.

By this point in time, the officers had been physically
struggling with Plaintiff for approximately ten minutes. All
three officers were out of breath due to struggling with
Plaintiff, which caused them to have additional concerns for
their safety. As the officers continued to struggle to keep
Plaintiff in the cruiser, the officers decided to employee a
RIPP hobble device, a strap device use to immobilize a resistant
suspect's legs. In order to apply the RIPP hobble, Officer
DeAvies had to place him on the ground. The officers were then

3

able to place Plaintiff in the cruiser. At some point during the struggle, Plaintiff received a cut on his forehead and was treated at a hospital with a bandage and Tylenol for pain.

On October 15, 2021, Plaintiff filed a Complaint against Officer DeAvies seeking relief under 1) 42 U.S.C. § 1983 for unreasonable seizure effectuated by excessive force in violation of the Fourth and Fourteenth Amendment; and 2) Virginia law for a battery claim. Plaintiff claims Officer DeAvies' actions at the cruiser constituted excessive force. Officer DeAvies filed a Motion for Summary Judgment on August 4, 2022. The Court finds there are no material facts in dispute and that this case is ripe for summary judgment.

Under Federal Rule of Civil Procedure 56, a court should grant summary judgment if the pleadings and evidence show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, the court views the facts in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made, the opposing party has the burden to show that a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

4

In this case, Plaintiff alleges Defendant's use of force amounted to a Fourth Amendment violation giving rise to a § 1983 claim. However, Officer DeAvies is entitled to qualified immunity. Officer DeAvies' use of force did not amount to a Constitutional violation as the force was reasonable in light of the circumstances surrounding Plaintiff's arrest. Moreover, Officer DeAvies was not on notice of his actions violating a constitutional right.

The Fourth Amendment forbids the use of excessive force by law enforcement officers when they are detaining a citizen. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). However, the Supreme Court holds "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. A claim of excessive force is to be analyzed based upon the "objective reasonableness" standard announced by the Court in *Graham. Id.* at 399. In applying the *Graham* test, courts "focus on the facts and circumstances of each case, taking into account 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Yates v. Terry*, 817 F.3d 877, 885 (4th Cir. 2016) (quoting *Graham*, 490 U.S. at 396). Additionally, courts analyze the reasonableness of an officer's

use of force by considering the facts that were presented to the officer "at the moment that the challenged force was employed" and "in light of all the circumstances" of the encounter between the officer and the citizen. *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015).

While Plaintiff was suspected of committing a non-violent crime, the other *Graham* factors weigh in Officer DeAvies' favor. Officer DeAvies developed a reasonable perception that Plaintiff posed a safety risk to all the officers based on Plaintiff's behavior. The third factor also shows the Officer's objective reasonableness as Plaintiff was both actively resisting the officers' attempt to place him in the cruiser and actively attempting to exit the cruiser to evade arrest.

Also, upon examination of the facts in this case, the force Officer DeAvies used to detain and arrest Plaintiff was objectively reasonable as a matter of law. The officers had probable cause to believe that Plaintiff had committed a shoplifting offense based on the reports from the store's security guard. When the officers attempted to detain Plaintiff so that they could investigate the shoplifting, Plaintiff continually resisted the officers. Plaintiff also appeared intoxicated to the officers. At times during the interaction with Plaintiff, the officers suspected Plaintiff was reaching for a weapon, which provided further reason for them to detain

6

him. The officers thus reasonably decided to place Plaintiff in
Officer Manor's cruiser so that they could contain him and
continue their investigation, but they were unable to accomplish
that because Plaintiff actively resisted being placed in the
cruiser. Officer DeAvies therefore, reasonably found it
necessary to place Plaintiff on the ground to employee a RIPP
hobble device that immobilize Plaintiff's legs after he
continued to resist being placed in the cruiser. Upon
examination of the totality of the circumstances, Officer
DeAvies used an objectively reasonable amount of force to
accomplish Plaintiff's lawful detention and arrest.

Moreover, Defendant is also immune from liability because
his actions during the encounter with the Plaintiff did not
violate a clearly established right. Officers are immune from
liability unless at the time of the officer's actions, "[t]he
contours of the right are sufficiently clear that a reasonable
official would understand that what he is doing violates that
right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *see
also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here,
Officer DeAvies was not on notice that the use of verbal
commands and physical controls to take Plaintiff into custody
violated a fundamental right. Rather, the clearly established
law at the time of the incident permitted law enforcement
officers to use both verbal commands and physical control as

reasonably necessary to detain or arrest when the subject resists the officer's lawful authority. *See, e.g.*, *Pegg v. Herrnberger*, 845 F.3d 112, 120 (4th Cir. 2017); *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002); *Karadi v. Jenkins*, 7 F. App'x 185, 195 (4th Cir. 2001). As such, Officer DeAvies is entitled to qualified immunity.

Finally, the battery claim must be dismissed because Plaintiff has failed to establish that he was battered under Virginia law. In Virginia, a battery is "an unwanted touching which is neither consented to, excused, or justified." *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009). Since Officer DeAvies was justified in using reasonable force to execute his lawful duties, Plaintiff's battery count must also be dismissed.

For the foregoing reasons, the Court finds Defendant Officer M. DeAvies' Motion for Summary Judgment should be granted.

*Claude M. Hilton*

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
September _6_, 2022